### In re WASHBURN et al.

(District Court, D. Connecticut. January 22, 1900.)

#### No. 35.

BANKRUPTCY—FILING PETITION.

> Where a voluntary partnership petition in bankruptcy was signed, verified, and presented by all the members of the firm, and was accompanied by schedules of the firm's assets and debts, but not by any individual schedules, and no adjudication was made thereon, but subsequently the petition was in part withdrawn, and a new petition was filed, with parts of the old petition pasted thereon, and individual schedules of all the partners added by way of amendment, and thereupon an adjudication was made, *held*, that the petition was "filed," within the meaning of the bankruptcy act, on the later date, and not the earlier.

In Bankruptcy. On petition of certain attaching creditors and interveners to set aside a voluntary petition in bankruptcy and discontinue the proceedings thereon.

Joseph P. Tuttle, for attaching creditors.
John W. Coogan, for bankrupts.

TOWNSEND, District Judge. The only action taken by the petitioner herein, on which the alleged bankruptcy proceedings are founded, was to file, on December 7, 1898, with the clerk of the district court, a single partnership petition, signed and sworn to by all three members of the firm of Washburn Bros., and accompanied by schedules of the firm creditors and firm assets, but unaccompanied by any individual petitions or individual schedules, either of creditors or assets. The clerk claimed that individual schedules should be filed before any proceedings were had, which claim was not then complied with, nor was any adjudication then had thereon, nor any reference to a referee. Before these proceedings, on September 13, 1898, these petitioners, creditors of said Washburn Bros., had brought actions in the court of common pleas for Hartford county against said Washburn Bros., and attached their property, which suits were then pending and undisposed of. June 8, 1899, more than four months after said attachment, the original petition was in part withdrawn, and a new petition was filed, with certain portions of the old petition pasted thereon, and the individual schedules of creditors and assets of all the members of the firm were added by way of amendment, and thereupon an adjudication of bankruptcy was made, and the usual reference issued. In these circumstances, I do not find that there is sufficient ground to set aside the petition as finally amended, or to discontinue the proceedings thereon, but I do find that the bank-

ruptcy papers were not properly filed in this case until they were sufficiently amended and perfected for a basis for an adjudication, which was not until the date last named, June 8, 1899, and the clerk is instructed to make such entry.